## WESS DEVINEY V. THE STATE.

No. 10140.  Delivered April 21, 1926.

Rehearing denied May 26, 1926.

### 1.—Wife Desertion—Complaint and Information—Held Sufficient.

Where, on a charge of wife desertion, appellant moved to quash the complaint and information on the ground that they contained the words "without justification," the motion was properly overruled. While these words do not appear in the definition of this offense in the revision of 1925, all elements of the offense being set out in the complaint and information, and the addition of the words "without justification" being more onerous on the state, appellant had no just ground for his complaint.

#### ON REHEARING.

### 2.—Same—Evidence—Held Sufficient.

Where, on a trial for wife desertion and failure to support, the evidence discloses that appellant took his wife, who was pregnant, to her father and gave her $10.00. She later collected $20.00 from a party who owed her husband. She was confined and the $20.00 was paid to the doctor. She had nothing in the way of support from her husband save the above during all of her illness. He did not give her personal assistance or comfort, nor did he come to see her, or look after her in any way. This evidence was ample to justify the conviction.

Appeal from the County Court of Red River County. Tried below before the Hon. George Morrison, Judge.

Appeal from a conviction for wife desertion and failure to support, penalty a fine of $250.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court of Red River County of wife desertion, punishment fixed at a fine of $250.00.

The statement of facts presents a case of contradictory evidence, that of the state showing a wholly unjustifiable desertion and abandonment of a young wife in a condition of pregnacy,— no justifiable cause being shown for such desertion and failure to support. The defense is based on the proposition that appellant did not so desert his wife and fail to support her. We will not discuss the facts at length but are satisfied they justified the jury in their conclusion of guilt.

Appellant asked a special charge which was given. He moved for an instructed verdict, which was refused. He has two bills of exception.

The first complaint is of the refusal of the court to give the peremptory instruction above referred to, which was asked on the ground that the evidence failed to make out the state's case. We believe the learned trial judge well within his discretion in overruling this motion.

The other bill of exceptions is taken to the overruling of a motion to quash the complaint and information. The ground of this motion was that said pleadings charged no offense against the law in that they alleged the desertion and refusal to support to be "without justification," it being insisted that said words are not in the statute. An inspection of the language of the new statute of 1925, which was in effect at the time this complaint was filed, discloses that there are no such words in the statute defining and punishing this offense. However, we are of the opinion that appellant can not complain in as much as the insertion of these words, as suggested by the state's attorney in his brief, added to the burden of the state and imposed no additional burden on the accused.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—This court gave its approval to no particular evidence, but merely referred to the fact that the testimony was conflicting and that there was sufficient evidence to support the finding of the jury. We are still of opinion that the state's testimony met the requirements of the law. Appellant took his wife to her father's home and left her, giving to her father $10.00. She later collected $20.00 from a party who owed her husband. She was confined and the $20.00 went to the doctor. She had nothing in the way of support or contributions from her husband save the above during all of her illness. He did not give her personal assistance or comfort, nor did he come to see her or look after her in any way. We think the case correctly decided.

The motion for rehearing is overruled.

*Overruled.*